Trenton R. Kashima, Esq. (SBN 291405)
tkashima@sommerspc.com
Kevin J. Stoops, Esq. (*pro hac vice forthcoming*)
tkashima@sommerspc.com
SOMMERS SCHWARTZ, P.C.
402 West Broadway, Suite 1760
San Diego, California 92101
Telephone: (619) 762-2125
Facsimile: (619) 762-2127

Jesse L. Young (*pro hac vice forthcoming*)
jyoung@kehb.com
KREIS ENDERLE, P.C.
8225 Moorsbridge
P.O. Box 4010
Kalamazoo, Michigan 49003-4010
Telephone: (269) 324-3000
Facsimile: (269) 324-3010

*Counsel for Plaintiffs and Proposed Class and Collective Members*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## EUREKA DIVISION

| | |
|---|---|
| **CASEY DENNING** and **NATALIA COLE**, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> **LOUD BUDDHA, LLC**, **PURA CALI MANAGEMENT CORP.**, and **DOES 1-50**, jointly and severally, as <br><br> Defendants. | Case No.: <br> Hon. <br><br><br> **FLSA COLLECTIVE ACTION/ CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiffs, CASEY DENNING and NATALIA COLE (hereinafter "Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys, hereby bring this Collective/Class Action Complaint against Defendants, LOUD BUDDHA, LLC, PURA CALI MANAGEMENT CORP., and DOES 1-50 (hereinafter collectively referred to as "Defendants"), jointly and severally, and state as follows:

## JURISDICTION AND VENUE

1.      This is a collective and class action brought for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA") as a FLSA § 216(b) collective action and California state-wide class action pursuant to Fed. R. Civ. P. 23(b)(3) for state law claims, including the California Labor Code ("Labor Code"); the California Industrial Welfare Commission Wage Order No. 4; the California Business & Professional Code section 17200, *et seq.*; and others as pleaded below.

2.      This Court has subject-matter jurisdiction over Plaintiffs' FLSA claim pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

3.      This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because this claim arises from a common set of operative facts and is so related to the claims within this Court's original jurisdiction that they form a part of the same case or controversy.

4.      This Court has general personal jurisdiction over Defendants because Defendants are residents of and conduct business in this State, had systematic and continuous ties with this state, and had agents and representatives in this state.  Thus, Defendants have sufficient minimum contacts with or otherwise purposefully avail themselves of the markets in the State of California, or otherwise has sufficient contacts with this District to justify them being fairly brought into court in this District.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(d) because Plaintiffs and at least some of the putative Class members worked and were paid in this District and the obligations, liabilities, and breaches complained of herein arose or occurred in this District.  Defendants own, operate, and/or maintain offices, transact business, employ agents within the District, or otherwise are found within the District. Defendants are within the jurisdiction of this Court for purpose of service of process.

**PARTIES**

6.     Plaintiff, Casey Denning, is a resident of McKinleyville, California.  He was employed by Defendants to cultivate and harvest cannabis from Pura Cali's farm in Lake County, California from October 2019 through November 2019.  He filed an FLSA consent form with this Complaint.

7.     Plaintiff, Natalia Cole, is a resident of Eureka, California.   She was employed by Defendants to cultivate and harvest cannabis from Pura Cali's farm in Lake County, California from October 2019 through November 2019.  She also filed an FLSA consent form with this Complaint.

8.     Defendant, Loud Buddha, LLC ("Loud Buddha"), is a California Limited Liability Company (State No. #201806510208) with a headquarters and service of process address listed as 210 Capitol St., Suite 8, Salinas, California 93901.

9.     Defendant, Pura Cali Management Corp. ("Pura Cali"), is a California corporation (State No. #C4248431) with a headquarters and service of process address listed as 100 Shoreline Highway, Building B, Suite 100, Mill Valley, California 94941.

10.     Does 1-50 are and were individuals, sole proprietorships, corporations, business entities, persons, and partnerships, licensed to do business and/or actually doing business in the State of California.

11.     Defendants are in the business of cultivating and harvesting cannabis for its eventual sale.

12.     Defendant Loud Buddha is a cannabis cultivating, harvesting, and trimming company. According to its online marketing materials, Loud Buddha's "goal is to provide the cleanest cuts on the West Coast. With our trustworthy cannabis trimming team your product will be in safe hands. Our system is efficient and will be conducted in a timely manner. If your crop is ready to harvest, so are we." [1]

13.     According to its Facebook page, Loud Buddha operates in northern and southern California.

14.     Upon information and belief, Loud Buddha contracts with numerous cannabis farms to provide cultivating, harvesting, and trimming services.

15.     Defendant Pura Cali Management Corp. ("Pura Cali") is a seed-to-sale breeding, cannabis, hemp, extraction, distribution and dispensary company.  The company describes itself on its website as "a

---

[1] https://www.facebook.com/LoudBuddhaLLC/ (last visited November 21, 2019).

state-of-the-art, fully integrated cannabis company founded to establish the standards for 'artisan agriculture' and the purest, highest quality organic cannabis available anywhere." [2]

16. Upon information and belief, Loud Buddha contracts with Pura Cali to provide cannabis cultivating, harvesting, and trimming services on Pura Cali's marijuana farm in Lake County, California.

17. Defendant Loud Buddha is registered to conduct business in California and operates under California Secretary of State File Number #201806510208.

18. Defendant Pura Cali is registered to conduct business in California and operates under California Corporate Number #C4248431.

19. Defendants employed Plaintiffs as hourly cannabis cultivating, harvesting, and trimming employees, referred to herein as "cannabis workers." Defendants employed Plaintiffs, and hundreds of other cannabis workers, in several locations throughout California, including in Lake County, California.

20. Additional individuals who were or are employed by Defendants as cannabis workers during the past three years will also file FLSA consent forms to join this case.

21. The individuals Plaintiffs seek to represent in this collective and class action lawsuit are current and former cannabis workers who are similarly situated to the named Plaintiff in terms of their positions, job duties, compensation, and Defendants' violations of federal and state law.

## INTRA-DISTRICT ASSIGNMENT

22. A substantial part of the events or omissions which give rise to the claims occurred in Lake County, and therefore this action is properly assigned to the Eureka Division. N.D. Cal. Local Rule 3-2(c)-(f).

## GENERAL ALLEGATIONS

23. Plaintiff, Casey Denning, was employed by Defendants as cannabis worker in Lake County, California from October 2019 through November 2019. In that position, he was compensated on an hourly basis and typically worked more than 40 hours per week (and more than 8 or 12 hours per day).

24. Plaintiff, Natalia Cole, was employed by Defendants as cannabis worker in Lake County, California from October 2019 through November 2019. In that position, she was compensated on an hourly basis and typically worked more than 40 hours per week (and more than 8 or 12 hours per day).

---

[2] https://www.puracali.com/ (last visited November 20, 2019).

25.     Defendants' business model relies upon growing cannabis and employing cannabis workers who are responsible for cultivating, harvesting, and trimming the product in preparation for its eventual sale.

26.     Defendants advertise for cannabis workers through job postings on websites like Craig's List, Indeed, and Facebook. For example:



27.     Plaintiff Denning responded to an ad on Craig's List and spoke with a Loud Buddha recruiter (Rachel) who told Denning that work was available for him and others if he knew other people who needed work.

28.     Defendants offered to pay Plaintiffs and other cannabis workers an hourly rate of approximately $15.00.

29.     Later that night, Plaintiffs Denning and Cole drove to Eureka, California, to meet with a Loud Buddha supervisor, Theodore "Cruz" Cross, who explained that they were going into the mountains for a "trim job" which included cultivating, harvesting, bucking, mulching, and freezing marijuana plants.

30.     Shortly thereafter, a group of about five people, including Plaintiffs, Cross, another Loud Buddha supervisor, Matt Hall, and one other cannabis worker, joined up to travel together to Pura Cali's marijuana farm in Lake County, California.

31.     The group traveled 3-4 hours to Pura Cali's marijuana farm that night, arrived at the Pura Cali farm at approximately 1:30 a.m., and slept in their vehicles until the gates opened at about 7:00 a.m.

32.     Once the gates were opened, the group traveled up to a house where numerous other cannabis workers appeared to be living and working on the Pura Cali farm.  The Plaintiffs were told that they would also be living on the farm and sleeping on cots.

33.     Plaintiffs and other cannabis workers began their work for Defendants that same morning at approximately 8:00 a.m.

34.     Thereafter, Defendants required Plaintiffs and other cannabis workers to work approximately twelve (12) hours per day, seven (7) days per week.

35.     Plaintiffs' and other cannabis workers' performed job duties which included: (a) cultivating marijuana plants; (b) de-leafing marijuana plants; (c) harvesting marijuana plants; (d) bucking marijuana plants; (e) hanging marijuana plants; and (f) placing the marijuana plants in large commercial freezers, which were then hauled away by Defendants.

36.     Plaintiffs and other cannabis workers accomplished this work manually with tools including but not limited to scissors, shears, and sifting grates.

37.     Plaintiffs and the other cannabis workers performed the same basic job duties.

38.     At any given time, there were over 50 cannabis workers performing this work for Defendants resulting in the production of multiple tons of cannabis per year from Pura Cali's marijuana farm.

39.     Throughout their employment with Defendants, Plaintiffs and other cannabis workers were required to work a substantial amount of daily and weekly overtime.

40.     Defendants loosely tracked Plaintiffs' and other cannabis workers' time by writing their hours on loose-leaf notebooks.  However, the hours were typically incorrect and rounded down to benefit Defendants.

41.     Defendants failed to provide meal and rest breaks to Plaintiffs and other cannabis workers as required by law.

42.     Defendants failed to reimburse Plaintiffs and other cannabis workers for the expenses incurred in performing their work (*e.g.*, hotel stays, meals, travel, etc.).

43.     Defendants had strict expectations that their cannabis workers would remain working in the mountains all day, every scheduled day, and Defendants threatened discipline if a cannabis worker

failed to do so.

44. Defendants often required Plaintiffs and other cannabis workers to work through unpaid meal periods. Under the federal law, in order to deduct an unpaid meal period from an employees' compensable time, an employee must be completely relieved of his or her employment duties for the entire lunch break. 29 CFR 785.19(a) states:

> Bona fide meal periods. Bona fide meal periods are not work time. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be *completely relieved* from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating. (emphasis added).

45. Likewise, under California law, employers must provide a meal period of at least 30 minutes for every five (5) hours worked. Cal. Lab. Code § 512(a) states:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

46. Additionally, the applicable Industrial Welfare Commission Wage Order states that an employee is also entitled to a ten (10) minute break for each four (4) hour period, or major fraction thereof, worked.

47. Nevertheless, Defendants failed to provide Plaintiffs and other cannabis workers with a 30-minute meal period for every five (5) hours worked, or a rest period for each four (4) hour period worked. Accordingly, Plaintiffs and the other cannabis workers are entitled to one additional hour of compensation per workday for a missed meal and rest period.

48. Defendants paid Plaintiffs' and other cannabis workers' wages by way of envelopes filled with cash. In doing so, Defendants did not calculate overtime pay; rather, Plaintiffs and other cannabis workers were paid the flat $15.00 hourly rate for all hours worked.

49. Often times, Defendants failed to pay Plaintiffs and other cannabis workers for all time

6

worked even at the flat $15.00 hourly rate.

50.     Often times, Defendants failed to pay Plaintiffs and other cannabis workers in a timely manner, and sometimes not at all.

51.     Defendants' time records were in large part inaccurate, unreliable, and did not comply with the FLSA's record keeping requirements.  *See* 29 U.S.C. § 211(c).

52.     Defendants also failed to provide accurate wage statements to Plaintiffs and other cannabis workers; in fact, Defendants failed to provide any wage statements at all.

53.     The hours reflected on the cannabis workers' paystubs are not accurate, were contrived by Defendants, and have no relation to the hours the cannabis workers actually worked for Defendants.  This is a violation of Cal. Lab. Code § 226, which requires that the employer provide accurate wage statements.

54.     Defendants knew or could have easily determined how long it took for their cannabis workers to complete their unpaid work, and Defendants could have properly compensated Plaintiffs and the other cannabis workers for their work, but they did not.

55.     Plaintiffs and many other cannabis workers were either fired or quit and did not receive their final pay.

56.     At all relevant times, Defendants directed and directly benefited from the uncompensated work performed by Plaintiffs and other cannabis workers.

57.     Defendants knew or should have known that Plaintiffs and other cannabis workers' work was compensable under the law. Indeed, in light of the applicable statutory provisions, there is no conceivable way for Defendants to establish that it acted in good faith.

58.     Plaintiffs seek a declaration that their rights, and the rights of the putative Collective and Class, were violated, an award of unpaid wages, an award of liquidated damages, injunctive and declaratory relief, attendant penalties, and award of attorneys' fees and costs to make them whole for damages they suffered, and to ensure that they and future workers will not be subjected by Defendants to such illegal conduct in the future.

## JOINT EMPLOYER ALLEGATIONS

59.     Under the FLSA, "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

60.     The definition of "employer" under the FLSA is not limited by the common law concept of "employer," and is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes. *Real v. Driscoll Strawberry Assocs.,* 603 F.2d 748, 754 (9th Cir. 1979).

61.     Congress defined "employee" as "any individual employed by an employer," 29 U.S.C. § 203(e)(1), describing this language as "the broadest definition that has ever been included in any one act." *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3, 65 S.Ct. 295, 89 L.Ed. 301 (1945) (quoting 81 Cong. Rec. 7657 (1937) (statement of Sen. Hugo Black)); *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 300 n.21, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985) (same).

62.     The determination of whether an employer-employee relationship exists does not depend on "isolated factors but rather upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb,* 331 U.S. 722, 730, 67 S.Ct. 1473, 1477, 91 L.Ed. 1772 (1947). The touchstone is "economic reality." *Goldberg v. Whitaker House Cooperative, Inc.,* 366 U.S. 28, 33, 81 S.Ct. 933, 936, 6 L.Ed.2d 100 (1961).

63.     Two or more employers may jointly employ someone for purposes of the FLSA. *Falk v. Brennan,* 414 U.S. 190, 195, 94 S. Ct. 427, 431, 38 L.Ed.2d 406 (1973).

64.     All joint employers are individually responsible for compliance with the FLSA. 29 C.F.R. § 791.2(a) (1981).

65.     Regulations issued by the Department of Labor give the following examples of joint employment situations:

> (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or
>
> (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

29 C.F.R. § 791.2(b) (footnotes omitted).

66.     The ultimate question of whether a party is an "employer" is a legal issue. *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1469–70 (9th Cir. 1983).   The ultimate determination must be based "upon the circumstances of the whole activity." *Id.* at 1470 (citing *Rutherford Food Corp. v. McComb,* 331 U.S. 722, 67 S.Ct. 1473, 1477, 91 L.Ed. 1772 (1947).

67.     Defendant Loud Buddha contracted with Pura Cali to cultivate, harvest, and trim cannabis from its farm in Lake County, California.

68.     Plausibly, by Defendants' exercise of control, input, and responsibility for issuing accurate, legitimate, and proper paychecks for the Plaintiffs' and all other cannabis workers, they meet the test for joint employer.

69.     Defendants controlled the rate and method of wage payment for the cannabis workers. *Conde v. Open Door Mktg., LLC*, 223 F. Supp. 3d 949, 967 (N.D. Cal. 2017) (finding multiple companies and individual defendants were joint employers of sales and marketing workers).

70.     Defendants controlled and dictated when each cannabis worker could take their meal and rest breaks.

71.     Defendants maintained employment records in connection with their cannabis workers, albeit incorrectly.

72.     Defendants provided all the necessary tools, equipment and materials used by the cannabis workers. Specifically, they provided the scissors, shears, grates, and other tools necessary for the cannabis workers to perform their work.

73.     Plausibly, by Defendants providing all necessary tools, equipment and materials used by the cannabis workers, they meet the test for joint employer.

74.     Defendants controlled the hiring and firing of cannabis workers. Specifically, Defendants had the authority to hire and fire cannabis workers as they saw fit, and carried out the hiring and firing of cannabis workers on a regular basis.

75.     Plausibly, by Defendants' exercise of control, input, and responsibility over the hiring and firing of cannabis workers, they meet the test for joint employer.

76.     Regardless of any of the individual criteria for joint employer, Defendants also had complete economic control over the employment relationship. The "economic reality" was that they employed cannabis workers to perform cultivating, harvesting, and trimming services for their benefit, and thus they meet the test for joint employer. *Bonnette, supra* at 1470.

77.     The fact that some Defendants may not have exercised each and every aspect of the test for employer under the law, and may have delegated some of the responsibilities to others, does not alter their

status as employer; it merely makes them joint employers. *Id.*

78.     Whether employers, or joint employers, each Defendant is nevertheless liable for the wage violations pleaded in this Complaint.  *Falk, supra;* 29 C.F.R. § 791.2(a).

79.     The above well-pleaded facts all support Plaintiffs' standing to sue each and every Defendant named herein as a joint employer and seek damages for the alleged violations under a joint employment theory.  *Conde v. Open Door Mktg., LLC*, 223 F. Supp. 3d 949, 966 (N.D. Cal. 2017); *Haralson v. United Airlines, Inc.*, 224 F. Supp. 3d 928, 940 (N.D. Cal. 2016).

80.     Upon information and belief, Defendants jointly employed hundreds of cannabis workers – including Plaintiffs – in California during the last four years to perform cultivating, harvesting, and/or trimming services.

81.     Plaintiffs are informed and believe, and allege thereon, that Defendants are jointly and severally responsible for the circumstances alleged herein, and proximately caused Plaintiffs the fraudulent, unlawful, unfair, and deceptive acts and wage violations complained of herein.

82.     At all times herein mentioned, Defendants approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

83.     Defendants acted willfully in violating the laws and regulations pleaded in this Complaint.

84.     At all times herein mentioned, Defendants' acts and omissions proximately caused the complaints, injuries, and damages alleged herein.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

85.     Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA on their own behalf and on behalf of:

> *All current and former hourly cannabis workers who worked for any Defendants at any time during the past three years.*

(hereinafter referred to as the "FLSA Collective").   Plaintiffs reserve the right to amend this definition if necessary.

86.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and other similarly situated cannabis workers.

87.     Excluded from the proposed FLSA Collective are Defendants' executives, administrative

and professional employees, including computer professionals and outside sales persons.

88.     Consistent with Defendants' policy and pattern or practice, Plaintiffs and the members of the FLSA Collective were not paid premium overtime compensation when they worked beyond 40 hours in a workweek.

89.     All of the work that Plaintiffs and the FLSA Collective members performed was assigned by Defendants, and/or Defendants were aware of all of the work that Plaintiffs and the FLSA Collective members performed.

90.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective members.  This policy and pattern or practice includes, but is not limited to:

      a.  willfully failing to pay its employees, including Plaintiffs and the FLSA Collective, for all hours worked including premium overtime wages for all hours worked in excess of 40 hours per workweek; and

      b.  willfully failing to accurately record all of the time that its employees, including Plaintiffs and the FLSA Collective, worked for Defendants' benefit.

91.     Defendants are aware or should have been aware that federal law required them to pay Plaintiffs and the FLSA Collective overtime premiums for all hours worked in excess of 40 per workweek.

92.     Defendants failed to properly maintain timekeeping and payroll records pertaining to the FLSA Collective under the FLSA, 29 U.S.C. 211(c).

93.     Defendants' unlawful conduct was widespread, repeated, and consistent.

94.     A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiffs under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiffs bring this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy, or plan; and (d) their claims are based upon the same factual and legal theories.

95.     The employment relationships between Defendants and every proposed FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issues – the amount of uncompensated off-the-clock work owed to each employee – does not vary substantially among the

proposed FLSA Collective members.

96. There are many similarly situated current and former cannabis workers who were underpaid in violation of the FLSA who would benefit from the issuance of a court-authorized notice of this lawsuit and the opportunity to join it.

97. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

98. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

99. Plaintiffs estimate the proposed FLSA Collective, including both current and former employees over the relevant period will include several hundred workers. The precise number of FLSA Collective members should be readily available from a review of Defendants' personnel and payroll records.

## RULE 23 CLASS ACTION ALLEGATIONS

100. Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(3) on their own behalf and on behalf of all similarly situated current and former cannabis workers of Defendants who are or were employed at any time in the last four years. Plaintiffs propose the following class definition:

> *All current and former hourly cannabis workers who worked for any Defendants at any time during the past four years through certification of the class.*

Plaintiffs reserve the right to amend the putative class definition if necessary.

101. Plaintiffs share the same interests as the putative Class and will be entitled under the California Labor Code to unpaid overtime compensation, attorneys' fees, and costs and lost interest owed to them under nearly identical factual and legal standards as the remainder of the putative class.

102. The putative Class meets the numerosity requirement of Rule 23(a)(1) because, during the relevant period, Defendants employed hundreds of cannabis workers in California. The Class members are so numerous that joinder of all such persons is impracticable and that the disposition of their claims in a class action rather than in individual actions will benefit the parties and the Court. The precise number of Class members should be readily available from a review of Defendants' personnel, scheduling, time, phone, online social media, and payroll records, and from input received from the putative Class members.

103. The putative Class meets the commonality requirement of Rule 23(a)(2) because, during

the relevant period, Defendants engaged in a common course of conduct that violated the legal rights of Plaintiffs and the Class.  Individual questions that Plaintiffs' claims present, to the extent any exist, will be far less central to this litigation than the numerous material questions of law and fact common to the Class, including but not limited to:

a. Whether Defendants engaged in a policy or practice of failing to pay each Class member regular wages for each non-overtime hour worked.

b. Whether Defendants engaged in a policy or practice of failing to pay each Class member overtime compensation for each overtime hour worked;

c. Whether Defendants violated Labor Code sections 221 and 223 by making unlawful deductions to Class members' wages;

d. Whether Defendants failed to provide each Class member with at least one 30-minute meal period on every workday of at least 5 hours and a second 30-minute meal period on every workday of at least 10 hours as required by the California Employment Law and Regulations;

e. Whether Defendants violated sections 201 to 203 of the Labor Code by willfully failing to pay all wages and compensation due each Class member who quit or who was discharged;

f. Whether Defendants violated section 226 of the Labor Code by willfully failing to provide accurate itemized wage statements showing, *inter alia*, the number of hours worked by each Class member and the corresponding hourly rate;

g. Whether Defendants violated sections 1174 and 1175 of the Labor Code and the applicable Industrial Welfare Commission Orders by failing to maintain records pertaining to when Class members began and ended each work period, the total daily hours worked, and the total hours worked per pay period;

h. Whether Defendants violated section 510 of the Labor Code and the applicable Industrial Welfare Commission Orders by failing to accurately calculate regular rates of pay for overtime purposes;

i. Whether Defendants violated section 2208 of the Labor Code by willfully failing to reimburse each Class member any reasonable business expenses incurred;

j. Whether Defendants were unjustly enriched by the work and services performed by Class members without compensation;

k. Whether Defendants engaged in unfair business practices in violation of Business and Professions Code section 17200, *et seq.*;

l. Whether Defendants breached their duty of good faith and fair dealing by

COLLECTIVE AND CLASS COMPLAINT AND JURY DEMAND

limiting or manipulating the leads given to their Cannabis workers; and

m. Whether Defendants should be required to pay compensatory damages, attorneys' fees, penalties, costs, and interest for violating California state law.

104.    The status of all individuals similarly situated to Plaintiffs raises an identical legal question: whether Defendants' cannabis workers are entitled to back wages, including overtime.

105.    The putative Class meets the typicality requirement of Rule 23(a)(3) because Plaintiffs and the putative Class members were all employed by Defendants and performed their job duties without receiving all wages, including overtime wages, owed for that work.

106.    The Class meets the adequacy requirement of Rule 23(a)(4) because there is no apparent conflict of interest between Plaintiffs and the putative Class members, and because Plaintiffs' attorneys have successfully prosecuted many complex class actions, including wage and hour class and collective actions, and will adequately represent the interests of Plaintiffs and the putative Class members.

107.    The putative Class meets the predominance requirement of Rule 23(b)(3), because issues common to the Class predominate over any questions affecting only individual members, including but not limited to, those listed above.

108.    The Class meets the superiority requirement of Rule 23(b)(3) because allowing the parties to resolve this controversy through a class action would permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender.

109.    Given the material similarity of the Class members' claims, even if each Class member could afford to litigate a separate claim, this Court should not countenance or require the filing of hundreds or even thousands of identical actions.  Individual litigation of the legal and factual issues raised by Defendants' conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources.  Alternatively, proceeding by way of a class action would permit the efficient supervision of the putative Class's claims, create significant economies of scale for the Court and the parties and result in a binding, uniform adjudication on all issues.

**COUNT I**

**VIOLATION OF FLSA, 29 U.S.C. § 201, *et seq*.**
**FAILURE TO PAY OVERTIME WAGES**

110.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

111.    At all times relevant to this action, Defendants were engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

112.    At all times relevant to this action, Plaintiffs were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

113.    Plaintiffs and the FLSA Collective members, by virtue of their job duties and activities actually performed, are all non-exempt employees. *See Kenney v. Helix TCS, Inc.*, 939 F.3d 1106 (10th Cir. 2019) (holding that cannabis workers are covered by the FLSA).

114.    Plaintiffs either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

115.    At all times relevant to this action, Defendants "suffered or permitted" Plaintiffs and all similarly situated current and former employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

116.    At all times relevant to this action, Defendants required Plaintiffs and the FLSA Collective members to perform off-the-clock work each shift, but failed to pay these employees the federally mandated overtime compensation for this work.

117.    The off-the-clock work performed every shift by Plaintiffs and the FLSA Collective members is an essential part of their jobs and these activities and the time associated with these activities is not *de minimis*.

118.    In workweeks where Plaintiffs and other FLSA Collective members worked 40 hours or more, the uncompensated off-the-clock work time, and all other overtime should have been paid at the federally mandated rate of 1.5 times each employee's regularly hourly wage.  29 U.S.C. § 207.

119.    Defendants' violations of the FLSA were knowing and willful. Defendants knew or could have determined how long it took for their cannabis workers to perform their off-the-clock work. Further, Defendants could have easily accounted for and properly compensated Plaintiffs and the FLSA Collective

15

for these work activities, but did not.

120.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, each employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## COUNT II

### VIOLATION OF CALIFORNIA LABOR CODE §§ 510, 1194, 1198 AND IWC WAGE ORDER 4 – FAILURE TO PAY OVERTIME

121.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

122.    At all relevant times, Defendants regularly and consistently maintained corporate policies and procedures designed to reduce labor costs by reducing or minimizing the amount of compensation paid to its employees, especially overtime compensation.

123.    At all relevant times, Plaintiffs and the Class regularly performed non-exempt work and were thus subject to the overtime requirements of California law.

124.    Labor Code §§ 510 and 1198 and Industrial Welfare Commission ("IWC") Wage Order No. 4 § 3(A) provide that: (a) employees are entitled to compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of eight (8) hours in a workday up to twelve (12) hours in a workday, in excess of forty (40) hours in a workweek, and for the first eight (8) hours of work on the seventh (7th) consecutive day or a workweek; and (b) employees are entitled to compensation at the rate of twice their regular rate of pay for all hours worked in excess of twelve (12) hours in a workday, and in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

125.    At all relevant times, Plaintiffs and the Class regularly worked in excess of eight (8) hours in a workday, twelve (12) hours in a workday, and/or in excess of forty (40) hours in a workweek.

126.    At all relevant times, Defendants failed and refused to pay Plaintiffs and the Class members for any and all hours actually worked in excess of their scheduled shifts.

127.    Defendants intentionally, maliciously, fraudulently and with the intent to deprive the Class of their ability to earn a living so as to reduce their labor costs, knowingly and willingly implemented a scheme or artifice to avoid paying overtime by reducing the rate of pay to Plaintiffs and other Class members who worked overtime hours.

128.    Plaintiffs and the Class were entitled to receive overtime compensation at their lawful

regular rate of pay, including the shift differential where applicable. Defendants' failure to pay lawful premium overtime wages, as alleged above, was a willful violation of Labor Code §§ 510, 1198, and IWC Wage Order No. 4.

129.   Wherefore, Plaintiffs demand payment of the unpaid balance of the full amount of wages due for unpaid time worked, as well as overtime premiums owing, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194 and 1194.2 as a result of Defendants' failure to pay for all time worked and such premium compensation, as is required under California law.

## COUNT III

### VIOLATION OF CALIFORNIA LABOR CODE §§ 221 and 223
### UNLAWFUL DEDUCTIONS

130.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

131.   At all relevant times, Defendants regularly and consistently maintained corporate policies and procedures designed to reduce labor costs by reducing or minimizing the amount of compensation paid to its employees, especially overtime compensation.

132.   Defendants made deductions from Plaintiffs' and the Class members' pay in the amount of the overtime premiums earned by the employee during the pay period so as to avoid paying overtime compensation.  Defendants, further, made deductions from Plaintiffs' and the Class members' pay in the amount of any unpaid wages.

133.   Labor Code § 221 provides it is unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by employer to employee.

134.    Labor Code § 223 provides that where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract. Labor Code section 225 further provides that the violation of any provision of Labor Code §§ 221 and 223 is a misdemeanor.

135.    As a result of the conduct alleged above, Defendants unlawfully collected or received from Plaintiffs and the Class part of the wages paid to their employees.

136.    Wherefore, Plaintiffs demand the return of all wages unlawfully deducted from the paychecks, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit pursuant to

Labor Code §§ 225.5 and 1194.

## COUNT IV

### VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7 and 512
### FAILURE TO PROVIDE MEAL AND REST BREAKS

137.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

138.    Labor Code § 512, and IWC Wage Order No. 4 § 11(A) and (B) provide that an employer may not employ a person for a work period of more than five (5) hours without providing the employee with a meal period of not less than thirty (30) minutes, and may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than (30) minutes.

139.    Additionally, Defendants are required to provide a rest period of ten (10) minute break for each four (4) hour period, or major fraction thereof, worked.

140.    At all relevant times, Plaintiffs and the Class consistently worked in excess of five (5) or ten (10) hours in a day.

141.    At all relevant times, Defendants regularly required employees to perform work during their first and/or second meal periods, without proper compensation.  Further, Defendants did not provide rest breaks as is required by California law.  Defendants' practice of requiring employees to perform work during their legally mandated meal and rest periods without premium compensation is a violation of Labor Code §§ 226.7 and 512, and IWC Wage Order No. 4.

142.    Defendants purposefully elected not to provide meal and rest periods to Plaintiffs and Class members, and Defendants acted willfully, oppressively, and in conscious disregard of the rights of Plaintiffs and the Class members in failing to do so.

143.    Plaintiffs are informed and believe Defendants did not properly maintain records pertaining to when Plaintiffs and the Class members began and ended each meal period, in violation of Labor Code §1174 and IWC Wage Order No. 4 § 7(A).

144.    As a result of Defendants' knowing, willful, and intentional failure to provide proper meal and rest breaks, Plaintiffs and the Class members are entitled to recover one (1) additional hour of pay at the employee's regular rate of pay for each work day that a meal and/or rest period was not provided,

pursuant to Labor Code § 226.7 and 1WC Wage Order No. 4 § 11(D), and penalties, reasonable attorneys' fees, and costs pursuant to Labor Code §§ 218.5.

145.    Defendants' wrongful and illegal conduct in failing to provide Plaintiffs and the putative Class members with meal or rest breaks or to provide premium compensation, unless and until enjoined by order of this Court, will continue to cause great and irreparable injury to Plaintiffs and the Class members in that Defendants will continue to violate these laws unless specifically ordered to comply with the same. The expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are already entitled. Plaintiffs and the Class members have no other adequate remedy at law to insure future compliance with the laws alleged herein to have been violated.

146.    Wherefore, Plaintiffs demand, pursuant to Labor Code Section 227.7(b), that Defendants pay each Class member one additional hour of pay at the Class member's regular rate of compensation for each work day that the meal and/or rest period was not provided.

### COUNT V

### VIOLATION OF CALIFORNIA LABOR CODE § 226 and 1174
### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

147.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

148.    Labor Code §§ 226 and 1174 provide that every employer shall, semi-monthly or at the time of payment of wages, furnish each employee, either as a detachable part of the check or separately, an accurate, itemized statement in writing showing the total hours worked, and the applicable hourly rates and corresponding total number of hours worked.

149.    At all relevant times, Defendants failed to maintain proper records and furnish Plaintiffs and the putative Class members, either semi-monthly or at the time of each payment of wages, an accurate, itemized statement conforming to the requirements of Labor Code §§ 226 and 1174.

150.    At all relevant times, Defendants failed to furnish Plaintiffs and the putative Class members with accurate wage statements in writing, showing: (1) gross wages earned; (2) total hours worked by each respective employee; (3) all deductions; (4) net wages earned; (5) the inclusive dates of the period for which the employee is paid; (6) the name of the employee and only the last four digits of his or her

social security number or an employee identification number; (7) the name and address of the legal entity that is the employer; and (8) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

151.    Plaintiffs are informed and believe that Defendants knew or should have known that Plaintiffs and the putative Class members were entitled to receive wage statements compliant with Labor Code § 226 and 1174, and that Defendants willfully and intentionally failed to provide Plaintiffs and the Class members with such accurate, itemized statements showing, for example, accurate hours and overtime calculations.

152.    Wherefore Plaintiffs demand that Defendants pay each and every Class member fifty dollars ($50.00) for the initial pay period in which the violation occurred and one hundred dollars ($100) for each subsequent violation, up to a maximum of four thousand dollars ($4,000.00) pursuant to Labor Code § 226, as well as reasonable attorneys' fees and costs.

## COUNT VI

## VIOLATION OF CALIFORNIA LABOR CODE § 2802
## FAILURE TO INDEMNIFY EMPLOYEES' EXPENSES AND LOSSES

153.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

154.    California Labor Code § 2802 provides that an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.

155.    During all relevant times, Defendants knowingly and willfully violated California Labor Code § 2802 by failing to pay Plaintiffs and putative Class members who are no longer employed by Defendants all expenses and losses owed as alleged herein.  Defendants are therefore liable to Plaintiffs and putative Class members for expenses and losses incurred in direct consequence of the discharge of Plaintiffs' job duties.

156.    Therefore, Plaintiffs demand that Defendants pay all expenses and losses due along with all other available relief.

## COUNT VII

### VIOLATION OF CALIFORNIA LABOR CODE §§ 201, 202, 203 FAILURE TO PAY WAGES WHEN DUE

157.   Plaintiffs re-allege and incorporate all previous paragraphs herein.

158.   Cal. Lab. Code § 200 provides that:

As used in this article:(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation. (b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

159.   Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable."

160.   Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting immediately."

161.   There was no definite term in Plaintiffs' or any the other cannabis workers' employment contract.

162.   The employment of Plaintiffs and many other cannabis workers was terminated and Defendants did not tender payment of overtime wages to these employees who actually worked overtime, as required by law.

163.   Therefore, as provided by Cal Lab. Code § 203, on behalf of themselves and the putative Class whose employment has ended, Plaintiffs demand up to thirty (30) days of pay as penalty for not paying all wages due at time of termination for all employees whose employment terminated during the class period, and demand an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

**COUNT VIII**

**VIOLATION OF BUSINESS AND PROFESSIONS CODE, § 17200, *et seq*.**

164.   Plaintiffs re-allege and incorporate all previous paragraphs herein.

165.   Defendants engaged and continue to engage in unfair business practices in California by practicing, employing, and utilizing the unlawful practices described above, including: (a) training and directing cannabis workers to work without compensation; (b) making deductions to cannabis workers' pay to recover overtime premiums earned by the employees; (c) requiring cannabis workers to work overtime without lawful premium compensation; (d) failing to provide lawful meal breaks or premium compensation in lieu thereof; (e) failing to provide accurate, itemized wage statements; and (f) failing to pay wages due upon separation from employment.

166.   In addition, the conduct alleged in each of the previously stated causes of action constitute an unlawful and for unfair business practice within the meaning of Business & Professions Code § 17200, *et seq*.

167.   As a result of Defendants' conduct, Plaintiffs and the Class have been harmed as described in the allegations set forth above.

168.   The actions described above constitute false, unfair, fraudulent and deceptive business practices within the meaning of California Business & Professions Code § 17200, *el seq*. By and through such unfair, unlawful and/or fraudulent business practices, Defendants obtained valuable property, money and services from Plaintiffs and the Class, and have deprived Plaintiffs and the Class fundamental rights and privileges guaranteed to all employees under California law.

169.   Defendants were unjustly enriched by the policies and practices described herein, and those policies and practices conferred an unfair business advantage on Defendants over other businesses providing similar services which routinely comply with the requirements of California law.

170.   Plaintiffs seek, on their own behalf, and on behalf of the putative Class members, full restitution of all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein, as necessary and according to proof, and/or disgorgement of all profits acquired by Defendants by means of the acts and practices described herein.

171.   Plaintiffs seek, on their own behalf, and on behalf of other Class members similarly situated, an

injunction to prohibit Defendants from continuing to engage in the unfair business practices complained of herein. Defendants' unlawful conduct, as described above, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiffs and all Class members in that Defendants will continue to violate these California laws unless specifically ordered to comply with the same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiffs have no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

### COUNT IX

### PRIVATE ATTORNEYS GENERAL ACT ("PAGA") VIOLATION OF CALIFORNIA LABOR CODE § 2698, *et seq.*

172.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

173.    Plaintiffs are "aggrieved employees" under PAGA, as they were employed by Defendants during the applicable statutory period and suffered one or more of the Labor Code violations herein.  As such, Plaintiffs seek to recover, on behalf of themselves and all other current and former aggrieved employees of Defendants ("PAGA Group"), the civil penalties provided by PAGA, plus reasonable attorneys' fees and costs.

174.    Plaintiffs seek to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in *Arias v. Superior Court*, 46 Cal. 4th 969 (2009). Therefore, class certification of the PAGA claims is not required, but Plaintiffs may choose to seek certification of the PAGA claims.

175.    Plaintiffs seek to pursue remedies pursuant to PAGA for the following violations:

    a.    Failure to Pay Overtime: Defendants unlawfully failed to pay Plaintiffs and the PAGA Group overtime compensation in violation of Cal. Labor Code §§ 223, 510, 1194, 1197.1, 1198 and California Wage Order No. 4-2001.

    b.    Failure to Pay Minimum Wages and Regular Wages: Defendants unlawfully failed to pay Plaintiffs and the PAGA Group minimum wage and regular wage compensation in violation of Cal. Labor Code §§ 223, 1194, 1197, 1197.1 and California Wage Order No. 4-2001.

23

c.  Payment of Wages Below Designated Rate and Taking of Unlawful Deductions: Defendants unlawfully paid Plaintiffs and the PAGA Group at below the designated rate in violation of California Wage Order No. 4-2001 and Cal. Labor Code §§ 221 and 223, as detailed herein.

d.  Failure to Provide Meal Breaks: Defendants unlawfully failed to provide Plantiffs and the PAGA Group meal breaks as required by Cal. Labor Code 226.7, 512, and California Wage Order No. 4-2001.

e.  Failure to Provide Complete and Accurate Wage Statements:  Defendants failed to provide complete and accurate wage statements containing all wages due to Plaintiffs and the PAGA Group, in violation of California Wage Order No. 4-2001 and Cal. Labor Code § 226(a), as detailed herein.

f.  Failure to Keep Accurate Payroll Records:  Defendants failed to provide complete and accurate wage statements regarding all wages due to Plaintiffs and the PAGA Group, in violation of California Wage Order No. 4-2001 and Cal. Labor Code § 1174, *et seq*., as detailed herein.

g.  Failure to Pay Wages Upon Separation of Employment:  Defendants failed to pay wages due to Plaintiffs and the PAGA Group upon the separation of their employment, in violation of Cal. Labor Code § 203, as detailed herein.

176.    California Labor Code § 2698, *et seq*. imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for the initial violation of Labor Code §§ 203, 221, 223, 226, 226.7, 510, 512, 1174, 1194, 1197, 1197.1, and 1198, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

177.    Plaintiffs have taken steps to ensure full compliance with the procedural requirements specified in California Labor Code 2699.3 as to each of the alleged violations.  On November 21, 2019, Plaintiffs provided notice to the LWDA and the employers of Plaintiffs' claims based on the alleged Labor Code violations, including the facts and theories supporting these claims.

178.    Enforcement of statutory provisions to protect workers and to ensure proper and prompt payment of wages is a fundamental public interest.  Plaintiffs' successful enforcement of important rights affecting the public interest will confer a significant benefit upon the general public. Private enforcement of these rights is necessary, as no public agency has pursued enforcement.  Plaintiffs are incurring a financial burden in pursuing this action, and it would be against the interest of justice to require the

24

payment of attorneys' fees and costs from any recovery obtained, pursuant to, *inter alia*, California Labor Code § 2699.

## COUNT X

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

179.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

180.    A special relationship existed between Plaintiffs and Defendants as employee and employer.

181.    The employment relationship between the parties included an implied covenant of good faith and fair dealing, which required Defendant to act with fairness toward the other and to refrain from any action that would prevent Plaintiffs from realizing the potential benefits of their employment.

182.    Plaintiffs and the other cannabis workers agreed to work on an hourly basis.

183.    Defendants breached the covenant by limiting and manipulating the amount of pay to cannabis workers for their hard work.

184.    For example, when hiring cannabis workers, Defendants did not advise the Cannabis workers that they would be essentially stuck on a farm, getting paid cash in an informal and untimely basis, and that their pay would otherwise be subject to limitations and other manipulations.  It was implied that the cannabis workers would receive an hourly rate for all hours worked, including overtime pay, free from improper limits and manipulation by Defendants.

185.    By reason of said breach, Plaintiffs performance was materially hindered to the point of being impossible as promised, represented and contemplated at the time of hire, and they sustained damages in the form of monetary losses.

## COUNT XI

## DETRIMENTAL RELIANCE/PROMISSORY ESTOPPEL

186.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

187.    As more fully stated herein, Defendants made promises to the Plaintiffs and other cannabis workers, specifically to provide them with an hourly rate of pay, but ultimately failed to pay them in a lawful manner.

188.    In reliance on Defendants' promise of a lawful hourly rate for all hours worked, Plaintiffs and other cannabis workers decided to cultivate, harvest, and trim cannabis for Defendants rather than pursue other more lucrative employment endeavors.

189.    Plaintiffs expended their limited time, money, and other resources in pursuit of and for the benefit of Defendants' interest.    Plaintiffs did so due to a reasonable reliance on Defendants' representations, including, but not limited to, those made in the employment offer.

190.    Had Defendants' above-described representations not induced Plaintiffs' subsequent actions and reliance thereon, Plaintiffs' limited resources would have been available to be used in a more profitable manner.

191.    As a direct and proximate result of Defendants' actions, Plaintiffs have suffered damages such as monetary income.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the putative Collective and Class members, request the following relief:

a.    Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b.    Designating the named Plaintiffs as representative of the proposed FLSA collective;

c.    Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting Plaintiffs to send notice of this action to all those similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential class members of their rights under the FLSA;

d.    Certifying the proposed Rule 23 Class;

e.    Designating Plaintiffs as representatives of the proposed Rule 23 Class;

f.    Appointing Plaintiffs' counsel as Class Counsel;

g.    Declaring that Defendants willfully violated the Fair Labor Standards Act and its attendant regulations as set forth above;

h.    Granting judgment in favor of Plaintiffs and against Defendants and awarding the amount of unpaid overtime wages calculated at the applicable overtime rate multiplied by all hours that Plaintiffs worked in excess of eight (8) hours per day, twelve (12) hours per day, and/or forty (40) hours per week for the past four years;

i.    Awarding liquidated damages in an amount equal to the amount of unpaid overtime wages found due and owing;

j.    For statutory and civil penalties pursuant to Labor Code §§ 203, 225.5, 226(e), 226.3,

226.7, and 2802;

k.     For disgorgement and restitution to Plaintiffs and other similarly effected Class members of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to violate the mandate established by California Business and Professions Code § 17200, *et seq.*;

l.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business and Professions Code § 17200, *et seq.*;

m.    For an injunction prohibiting Defendants from engaging in the unfair business practices complained of herein;

n.     For an injunction requiring Defendants to give notice to persons to whom restitution is owing of the means by which to file for restitution;

o.     For actual damages or statutory penalties according to proof as set forth in California Labor Code §§ 226, 1174, and IWC Wage Order No. 4, § 7(A) related to record keeping;

p.     For an order requiring Defendants to show cause, if any there be, why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to record keeping for Defendants' employees related to same; and for an order enjoining and restraining Defendants and their cannabis workers, servants and employees related thereto;

q.     For pre-judgment interest as allowed by California Labor Code §§ 218.6, 1194 and 2802(b) and California Civil Code § 3287 and other statutes;

r.     Awarding civil penalties pursuant to California Labor Code § 2698, *et seq.*;

s.     For reasonable attorneys' fees, expenses, and costs as provided by the FLSA, California Labor Code §§ 218.5, 226(e) and (g), 1194, 2802 and California Code of Civil Procedure § 1021.5; and

t.     For such other and further relief the Court may deem just and proper.

## **JURY DEMAND**

Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

COLLECTIVE AND CLASS COMPLAINT AND JURY DEMAND

Dated:  November 21, 2019

Respectfully submitted,

By: */s/ Trenton R. Kashima*

Trenton R. Kashima (SBN 291405)
tkashima@sommerspc.com
SOMMERS SCHWARTZ, P.C.
402 West Broadway, Suite 1760
San Diego, California 92101
Telephone: (619) 762-2125
Facsimile: (619) 762-2127

Kevin J. Stoops (*pro hac vice forthcoming*)
kstoops@sommerspc.com
CHARLES R. ASH III (*pro hac vice forthcoming*)
crash@sommerspc.com
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
Telephone: (248) 355-0300
Facsimile: (248) 436-8453

Jesse L. Young (*pro hac vice forthcoming*)
jyoung@kehb.com
KREIS ENDERLE, P.C.
8225 Moorsbridge
P.O. Box 4010
Kalamazoo, Michigan 49003-4010
Telephone: (269) 324-3000
Facsimile: (269) 324-3010

*Counsel for Plaintiffs and Proposed Class
and Collective Members*